**Michael PAGANO, Plaintiff,**

**v.**

**Anthony M. FRANK, Postmaster General, U.S. Postal Service, Defendant.**

**Civ. A. No. 90–11927–K.**

United States District Court, D. Massachusetts.

July 20, 1992.

Norman H. Jackman, Martha Wishart, Jackman & Roth, Boston, MA, Lawrence D. Humphrey, Bernstein, Golder, Field & Miller, Lynnfield, MA, for plaintiff.

Annette Forde, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964. Now before the court are the following: Defendant's Motion for Summary Judgment (Docket No. 26, filed March 31, 1992) accompanied by a memorandum and supporting exhibits, Plaintiff's Opposition to Defendant's Motion for Summary Judgment and supporting exhibits (Docket No. 28), and Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment (Docket No. 30). For the reasons stated below, defendant's motion will be allowed.

Plaintiff claims that he was fired from his job as a U.S. Postal Worker in violation of law in retaliation for his participation in earlier Title VII proceedings and because of his national origin.

█ Plaintiff does not complain that he was retaliated against for *bringing* a Title VII proceeding; rather, he claims that he was fired because a Title VII proceeding was initiated as a result of allegations of sexual harassment against him. Section 2000e–3(a) of Title 42 U.S.C. makes it unlawful for an employer to retaliate against any employee who "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Plaintiff did not oppose any unlawful employment practice; plaintiff allegedly *engaged* in an unlawful employment practice. Plaintiff's claim that he is entitled to Title VII protection for his "participation" in an investigation of this kind seems of doubtful legal merit. I need not decide that legal issue, however, because plaintiff has failed to submit *any* evidence in support of his theory that he testified, assisted, or actively participated in any manner in an investigation, proceeding, or hearing under Title VII. In fact, no formal complaint was ever brought against him. In these circumstances, I grant defendant's motion for summary judgment as to this unique claim of relief that plaintiff makes.

█ Plaintiff also claims that he was discriminated against as a result of his Italian national origin. He alleges that persons of Irish national origin received more favorable treatment than he did. Defendant claims that plaintiff was fired because of his poor attendance record, including repeated lateness and absenteeism. In order to make out a prima facie case of employment discrimination sufficient to survive a motion for summary judgment, plaintiff must submit evidence that would enable a reasonable factfinder to find: (1) that he belongs to a protected category of individuals, (2) that he satisfactorily met job requirements, and (3) that he was terminated while other, similarly situated employees were not.

The undisputed facts show that plaintiff is of Italian national origin and that he was terminated while other employees were not. It is also beyond dispute that plaintiff was absent or late for work a very large number of times. Plaintiff claims that rules regarding attendance were enforced against him in a discriminatory manner. However, plaintiff has failed to submit evidence that supports a finding that such is the case.

Plaintiff's arguments that the following "facts" are material to this litigation and in genuine dispute are rejected for the reasons explained below:

(1) His supervisor James Walsh consistently showed animus toward plaintiff and other workers of Italian descent. Plaintiff's case depends on his being able to show that his supervisor's animus *motivated* a decision to fire plaintiff. Even if I accept as true plaintiff's allegation that Walsh harbored an animus against Italians, however, the motion for summary judgment must be granted. That fact is not material to the outcome of the litigation because the record evidence shows beyond dispute that plaintiff was fired by the action of Paul Hentschel, the person who was in charge of supervising plaintiff's attendance, not by Walsh.

(2) Walsh "tried to get rid of plaintiff" on at least two other occasions. In the absence of any evidence that either of these incidents was motivated by plaintiff's national origin, this dispute of fact is not material. Moreover, there is no evidence that Walsh played any role in plaintiff's ultimate dismissal.

(3) Plaintiff's attendance records were inaccurate. Plaintiff presents no evidence that he was late or absent *fewer* times than is reflected in his attendance record. The government acknowledges that plaintiff has had incidents in which his lateness was not recorded as such.

(4) Other employees absences were not always recorded and some employees were allowed to make up time at the end of their shifts, which plaintiff was not allowed to do. Plaintiff's claim that other employees' latenesses were not always recorded as such is immaterial because plaintiff also had latenesses that were not recorded as such. The fact that some employees were allowed to make up time at the end of their shifts is immaterial because uncontested evidence shows that such employees still would have been regarded as late for that day.

(5) Plaintiff was treated differently because he was of Italian national origin. This, of course, is the central allegation in plaintiff's complaint. Plaintiff has provided no direct evidence in support of this proposition. In his affidavit, plaintiff states, "I feel that I was treated differently because I was being discriminated against on the basis of my national origin." This allegation as a conclusion is not admissible evidence. Therefore, the only way an inference in support of plaintiff's fifth proposition can be drawn is on the basis of circumstantial evidence that he was not fired for legitimate reasons. I conclude that plaintiff has failed to submit evidence that would justify such an inference. I address that subject in greater detail in the context of plaintiff's sixth and final claimed material factual dispute.

(6) The attendance policy was enforced against him but not against other postal employees. This dispute of fact is not material unless plaintiff provides evidence that other employees were similarly situated to him. The record evidence provides no support for the latter proposition. In the eighteen months before plaintiff was fired, he was noted late for work on 100 occasions, was out sick 23 times, and was absent without leave, on leave without pay, or out sick without pay on 30 occasions. During this time, he was reprimanded, sanctioned, and suspended be-

fore he was ultimately dismissed. In fact, on at least two earlier occasions, Pagano had been issued a Notice of Removal because of his attendance record. Both were negotiated down to suspensions. Although at least one other employee, of Irish descent, had been reprimanded on two occasions and had an egregious attendance record, no employee came close to Pagano's dismal attendance record. Moreover, Pagano has not contradicted the record evidence that after reprimand, the other employee showed signs of improvement (at least temporarily), but Pagano showed none.

In short, there is no evidence in the record in this case that would justify even a circumstantial inference that plaintiff was dismissed because of his Italian heritage. For that reason, summary judgment must be granted for defendant on that ground of plaintiff's complaint as well.

## ORDER

For the foregoing reasons, it is hereby Ordered:

Defendant's Motion for Summary Judgment (Docket No. 26) is granted.

Final Judgment in accordance herewith shall issue forthwith.

## FINAL JUDGMENT

For the reasons stated in the Memorandum and Order of this date, it is hereby Ordered:

Judgment for defendant, with costs.